## E. M. PEACOCK, adm., v. THOS. CHAPMAN.

Surety discharged because of time granted to principal.

APPEAL from the District Court, Seventh District, Parish of East Feliciana, Stirling, J. Muse & Merrick, for plaintiff and appellant. Winter, for defendant.

EUSTIS, C. J. The plaintiffs are appellants from a judgment rendered against them in a suit against the defendant as a surety of William Sewell.

On the 7th day of February, 1839, Sewell became the purchaser of certain slaves for the sum of $2571, payable on a credit of one, two and three years,

PEACOCK
*v.*
CHAPMAN.

in equal instalments, bearing ten per cent. interest until final payment. It was agreed that the proces verbal of the sale should have the effect of a judgment and be recorded in the book of mortgages. The proces verbal, signed by *Sewell*, and *Chapman*, his surety, was so recorded. The sale was under the authority of the Court, directing the sale of the property of the succession of the late *Malachi Weston.*

The slaves were subsequently sold to *John P. Carney*, who assumed the payment of the purchase money, and made on account a partial payment.

The plaintiffs sued *Carney* and had judgment against him, by which the slaves were directed to be sold, so as to meet the last instalment of the price due on the 7th February, 1842. On the 7th June, 1842, the plaintiffs consented that the sale should be made on a credit of twelve months, and they were so sold, and *Carney* became the purchaser again, and gave the plaintiffs his twelve months bond.

By thus extending the term of credit on the sale of the property mortgaged to the plaintiffs, equally for the benefit of the surety as for their own, the plaintiffs could no longer give the defendant the subrogation which he had a right to exact on paying the debt. This act of the creditor released the surety. Code, 3030. *Lobdell* v. *Niphler*, 4 Louisiana, 295.

The judgment of the District Court is, therefore, affirmed, with costs.